UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                              Case No: 25-15276-MAM
                                                                    Chapter 7

IVAN NILES LATIMORE

                 Debtor.
_____/

**TRUSTEE'S MOTION TO COMPEL TURNOVER OF INSURANCE PROCEEDS**

Nicole Testa Mehdipour, as Chapter 7 trustee of the bankruptcy estate of Ivan Niles Latimore, by and through undersigned counsel, and pursuant to §§ 541 and 542, files this *Motion to Compel Turnover of Property* ("**Motion**"). The Trustee is seeking turnover of a $20,000.00 prepetition settlement check from American Security Insurance Company. The Trustee, through counsel, has been in contact with the insurance company and agree that this Motion is the proper mechanism to effectuate the turnover of the settlement proceeds. In support of this Motion, the Trustee states as follows:

**Background**

1.      The Debtor owned real property located at 5555 Gun Club Road, West Palm Beach, FL 33415 ("**Property**").

2.      The Debtor's previous mortgage servicer, Lakeview Loan Servicing LLC ("**Lender**") placed a hazard insurance policy ("**Policy**") on the Property through American Security Insurance Company ("**ASIC**"). The Lender was the insured party under the Policy.

3.       Prepetition, the Debtor submitted a vandalism claim ("**Vandalism Claim**") under the Policy. The date of loss was listed as December 12, 2023.

4.      On May 7, 2024, the Debtor and ASIC entered into a written settlement agreement and resolved the Vandalism Claim for $20,000.00.

5.      A settlement check for $20,000.00 ("**Settlement Check**") was drafted on May 13, 2024 in favor of the Debtor and the Lender as co-payees because the Lender was the party insured under the Policy.

6.      The Lender obtained a final judgment of foreclosure against the Property on April 24, 2025. On June 23, 2025, the Lender obtained relief from the automatic stay **[Dkt. No. 37]**. Lender sold the Property to a third-party purchaser in late 2025 and is no longer the mortgagee to the Property. Therefore, the Lender is no longer required to be a copayee on the Settlement Check.

7.      Upon the Debtor's request, ASIC reissued the Settlement Check three separate times (January 13, 2025, March 18, 2025, and August 5, 2025), according to ASIC.

8.      In January 2026, the Debtor again asked ASIC to reissue the Settlement Check. ASIC notified the Trustee so as not to run afoul of the Bankruptcy Code.

9.      ASIC and the Trustee agree that this Motion is the appropriate mechanism to effectuate the turnover of the Settlement Check from ASIC to the Trustee.

### Requested Relief

10.      The Trustee is requesting an order from this Court requiring ASIC to turnover the Settlement Check to the Trustee.

11.      Under 11 U.S.C. § 542(a), "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

12. AISC is in possession of the Settlement Check, which is property of the Debtor's bankruptcy estate.

13. The Debtor did not claim the Settlement Check as exempt.

14. The Settlement Check is not of inconsequential value and would be a benefit to the estate because it would potentially provide a meaningful distribution to creditors of the Debtor.

15. Failure of ASIC to turn over the value of the Settlement Check violates 11 U.S.C. § 542.

16. Accordingly, the Trustee seeks entry of an order compelling the Debtor to immediately turn over the requested documents and to comply with the Trustee's requests for information.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter an Order: (i) granting this Motion; (ii) directing the Debtor to immediately turn over the value of the non-exempt bank accounts; (iii) directing the Debtor to immediately turn over the value of the equity in the non-exempt personal property; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: March 25, 2026

FURR AND COHEN, P.A.
*Attorneys for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
(561) 395-0500; (561) 338-7532-fax

By */s/ Jonathan T. Crane*
Jonathan T. Crane, Esq.
Florida Bar No. 1039351
E-mail: jcrane@furrcohen.com