UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                        Case No: 25-15276-MAM
                                                              Chapter 7

IVAN NILES LATIMORE

        Debtor.

_____/

## TRUSTEE'S EXPEDITED OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

> Exigent Circumstances: The continued hearing on the Trustee's Motion for Turnover of Insurance Proceeds **[Dkt. No. 90]** is scheduled for April 21, 2026. **[Dkt. No. 93]**. The Debtor filed his Amended Schedule C on April 16, 2026. The Trustee requests that this Objection be heard on April 21, 2026, together with the Motion for Turnover of Insurance Proceeds.

Nicole Testa Mehdipour ("**Trustee**"), as Chapter 7 trustee of the bankruptcy estate of Ivan Niles Latimore, by and through undersigned counsel, and pursuant to Fed. R. Bankr. P. 4003, files *Trustee's Expedited Objection to Debtor's Claimed Exemptions* ("**Objection**"). In support of this Objection, the Trustee states as follows:

### Summary

1.      In Debtor's Amended Schedule C **[Dkt. No. 95]**, Debtor claimed insurance proceeds for stolen personal property as exempt under the homestead exemption. The Debtor is now attempting to (1) have the Court reconsider its Order Sustaining Trustee's Objection to Debtor's Homestead Exemption **[Dkt. No. 51]** without providing any proper basis for such reconsideration and/or (2) improperly apply the homestead exemption to insurance proceeds covering stolen personal property. For the reasons set forth below, the Debtor's claimed exemption should be disallowed.

1

**Background**

*Prepetition*

2.    On May 7, 2021, Ivan Niles Latimore ("**Debtor**") entered into a mortgage agreement ("**Mortgage**") with Paramount Residential Mortgage Group, Inc. for the purchase of real property located at 5555 Gun Club Road, West Palm Beach, Florida 33415 ("**Real Property**") and took title to the Real Property.

3.    On May 5, 2023, a hazard insurance policy ("**Policy**") was placed on the Real Property through American Security Insurance Company ("**ASIC**"). Lakeview Loan Servicing, LLC ("**Lakeview**") was the insured party under the Policy (presumably as the servicing agent for Paramount Residential Mortgage Group, Inc.).

4.    A quit claim deed transferring the Real Property from the Debtor to Casa De Greatness LLC ("**Casa de Greatness**") was executed on October 30, 2023 ("**Quit Claim Deed**"). The Quit Claim Deed was recorded in the Palm Beach County Official Records on April 9, 2024, well after its execution. A true and correct copy of the Quit Claim Deed is attached as Exhibit "A."

5.    On December 19, 2023, the Debtor submitted a vandalism claim ("**Vandalism Claim**") under the Policy for tools that were allegedly stolen from the Real Property. The date of loss was listed as December 12, 2023.

6.    On April 12, 2024, Paramount Residential Mortgage Group, Inc. assigned the Mortgage to Lakeview.

7.    On May 7, 2024, the Debtor and ASIC entered into a written settlement agreement and resolved the Vandalism Claim for $20,000.00 ("**Settlement Funds**").

8. A settlement check for $20,000.00 ("**Settlement Check**") was drafted on May 13, 2024, in favor of the Debtor and Lakeview as co-payees because Lakeview was the party insured under the Policy.

9. Lakeview obtained a final judgment of foreclosure against the Real Property on April 24, 2025.

*Post-Petition*

10. On May 12, 2025 ("**Petition Date**"), the Debtor filed a *Voluntary Petition* to initiate the above-captioned chapter 7 bankruptcy case. **[Dkt. No. 1]**.

11. On June 23, 2025, Lakeview obtained relief from the automatic stay **[Dkt. No. 37]**. Lakeview sold the Real Property to a third-party purchaser in late 2025 and is no longer the mortgagee to the Real Property. Therefore, Lakeview is no longer required to be a co-payee on the Settlement Check.

12. On July 14, 2025, the Trustee filed an objection to the Debtor's claimed exemption in the Real Property. **[Dkt. No. 44]**.

13. On August 7, 2025, this Court entered an Order Sustaining the Trustee's Objection to the Debtor's claimed exemption in the Real Property ("**Order Sustaining Trustee's Objection to Debtor's Homestead Exemption**"). **[Dkt. No. 51**].

14. On April 16, 2026, the Debtor amended his Schedule C ("**Amended Schedule C**") to exempt (1) "an insurance check for [the Debtor's] homestead" with a value of $20,000.00 and (2) a "burglary claim of [the Debtor's] homestead items stolen." **[Dkt. No. 95]**.

15. In Amended Schedule C, under "specific laws that allow exemption," Debtor wrote "the Homestead Exemption applies to this $20,000.00."

## **Requested Relief**

16. The Trustee is requesting an order from this Court sustaining this Objection and disallowing the Debtor's claimed exemption in the Settlement Funds.

17. This Objection should be sustained because:

a. The Debtor is improperly attempting to assert the homestead exemption to exempt the Settlement Funds, which consist of insurance proceeds for stolen personal property. The homestead exemption does not protect interests in personal property and certainly does not allow the Debtor to exempt the entire $20,000.00 of Settlement Funds. Fla. Const. Art. X, § 4(a)(1); Fla. Stat. § 222.25(4).

b. This Court previously entered the Order Sustaining Trustee's Objection to Debtor's Homestead Exemption. The Amended Schedule C is effectively an attempt to have this Court reconsider that Order without any proper basis for reconsideration. *See In re Brown*, No. 25-23817-SMG, 2026 LEXIS 180356, at *5-8 (Bankr. S.D. Fla. Mar. 26, 2026) (denying creditor's motion for reconsideration where creditor failed to meet its burden under Fed. R. Civ. P. 59(e) or 60(b)).

c. The Real Property had already been transferred to Casa de Greatness prior to the Petition Date, making the Debtor ineligible to claim a homestead exemption in the Real Property.

18. Accordingly, the Trustee seeks entry of an order sustaining this Objection and disallowing the Debtor's claimed exemption in the Settlement Funds.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter an Order: (i) granting this Objection; (ii) sustaining the Trustee's objection to the Debtor's claim of exemption in the Settlement Funds; and (iii) granting such other and further relief as this Court deems just and proper.

4

Dated: April 20, 2026

FURR AND COHEN, P.A.
*Attorneys for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
(561) 395-0500; (561) 338-7532-fax

By */s/ Jonathan T. Crane*
    Jonathan T. Crane, Esq.
    Florida Bar No. 1039351
    E-mail: jcrane@furrcohen.com

# EXHIBIT "A"

CFN 20240118198
OR BK 34937 PG 523
RECORDED 4/9/2024 8:46 AM
AMT: $10.00
DEED DOC $0.70
Palm Beach County, Florida
Joseph Abruzzo, Clerk
Pgs: 523 - 528; (6pgs)

**Prepared By:**

**Ira Weinstein**

**Weinstein and Cohen, P.A.**
**14125 NW 80th Avenue, Suite 400**

**Miami Lakes, FL 33016**

**ira.weinstein@wiensteinandcohen.com**
**(305) 924-4249**

NOT A CERTIFIED COPY

1

CFN 20240118198
OR BK 34937 PG 524
Pg: 2 of 6

**After Recording Return To**:

Casa De Greatness LLC

66 W Flagler Street, Floor 9

Miami, Florida 33130-1887

NOT A CERTIFIED COPY

2

CFN 20240118198
OR BK 34937 PG 525
Pg: 3 of 6

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# QUITCLAIM DEED

WITNESSETH, on October 30, 2023, THE GRANTOR(S),

**Ivan Latimore, Grantor**, a single person
for and in consideration of the sum of: Ten Dollars ($10.00) and/or other good and valuable consideration to the below Grantee(s) in hand paid by the Grantee(s), the receipt whereof is hereby acknowledged:

**Casa De Greatness LLC, Grantee**, at 66 W Flagler St Fl 9, Miami, Dade County, Florida 33130

Grantor does hereby remise, release, and quit-claim unto the Grantee, the Grantee's heirs and assigns forever, all the rights, title, interest, claim of the Grantor in and to the following described land in the County of Palm Beach, state of FLORIDA to wit:

5555 Gun Club Road
West Palm Beach, Florida
33415

NOT A CERTIFIED COPY

3

CFN 20240118198
OR BK 34937 PG 526
Pg: 4 of 6

**Legal Description:**

A PARCEL OF LAND BEING A PORTION OF LOT 9, ACCORDING TO THE PLAT OF MODEL LAND COMPANY SUBDIVISION, AS RECORDED IN PLAT BOOK 5, PAGE 80, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
FROM THE SOUTHWEST CORNER OF LOT 13, AS SHOWN ON THE SAID PLAT OF MODEL LAND COMPANY SUBDMSION; THENCE SOUTH 01 DEGREES 35 MINUTES AND 10 SECONDS EAST, ALONG A SOUTHERLY PROLONGATION OF THE WEST LINE OF SAID LOT 13, DISTANCE OF 20.04 FEET TO A POINT LYING ON THE CENTERLINE OF WEST GUN CLUB ROAD, AS NOW LAID OUT IN USE; THENCE SOUTH 88 DEGREES 14 MINUTES 00 SECONDS EAST ALONG THE CENTERLINE OF SAID WEST GUN CLUB ROAD, A DISTANCE 1,433.61 FEET TO A POINT; THENCE RUN NORTH 05 DEGREES 15 MINUTES AND 47 SECONDS EAST, A DISTANCE OF 33.06 FEET TO A POINT IN THE NORTH RIGHT-OF-WAY LINE OF SAID WEST GUN CLUB ROAD AND THE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE CONTINUE ON THE PRECEDING DESCRIBED COURSE A DISTANCE 277.97 FEET TO A POINT; THENCE RUN SOUTH 88 DEGREES 03 MINUTES 27 SECONDS EAST, A DISTANCE OF 167 FEET TO A POINT; THENCE RUN SOUTH 01 DEGREES 33 MINUTES AND 00 SECONDS EAST, A DISTANCE OF
277.40 FEET TO A POINT IN THE NORTH RIGHT-OF-WAY LINE OF SAID WEST GUN CLUB ROAD; THENCE RUN NORTH 88 DEGREES 14 MINUTES AND 00 SECONDS WEST ALONG SAID NORTH RIGHT-OF-WAY LINE OF DISTANCE OF 200.00 FEET TO THE POINT OF BEGINNING THE HEREIN DESCRIBED PARCEL.

**Tax Parcel Number: 00-42-44-02-01-000-0186**

To have and to hold the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity, and claim whatsoever for the Grantor, either in law or equity, to the only proper use, benefit and behoof of the Grantee forever.

**Mail Tax Statements To:**

CASA DE GREATNESS LLC
66 W Flagler St Fl 9
Miami, Florida 33130

NOT A CERTIFIED COPY

**[SIGNATURE PAGE FOLLOWS]**

4

**Grantor Signature:**

Date: October 30, 2023

_____
Signature

Identification Type US Passport Card # ██████████

Expires: 02 OCT 2027

Ivan Latimore
5555 Gun Club Road
West Palm Beach, Florida, 33415

**In Witness Whereof,**

**Witness 1:**

_____

Robert Ezra Dorf
8103 S. Palm Drive
Pembroke Pines, FL    33025

Identification Type FL State ID    # D610755414230

Expires: 15 NOV 2026

**Witness 2:**

_____

Duane Gilmore
1621 NE 17th Way
Fort Lauderdale, FL    33305

Identification Type FL State ID # G456162601350

Expires: 15 APR 2628

NOT A CERTIFIED COPY

5

STATE OF FLORIDA, COUNTY OF <u>Palm Beach</u>, ss:

The foregoing instrument was acknowledged before me, by means of ☒ physical presence or ☐ online notarization, this <u>30th</u> day of <u>October</u>, <u>2023</u> by Ivan Latimore, Duane Gilmore, and Robert Dorf who produced identification as cited on page 5 of this document.

_____
Signature of person taking acknowledgment

Karen Lora
_____
Name typed, printed, or stamped

Karen Lora
Notary Public
State of Florida
Comm# HH150269
Expires 9/21/2025

Notary

NOT A CERTIFIED COPY

6