UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 25-15276-MAM
                                                          Chapter 7
IVAN NILES LATIMORE

      Debtor.

_____/

NICOLE TESTA MEHDIPOUR, Chapter 7
trustee of the bankruptcy estate of Ivan Niles
Latimore,
                                                          Adv. Pro. No.: 26-_____-MAM

      Plaintiff,

v.

CASA DE GREATNESS LLC, a limited liability
company, MIKE CARUSO, in his capacity as
Clerk of the Circuit Court & Comptroller of Palm
Beach County Florida, a governmental agency,
SIMA G. FISHER, an individual, BARRETT-
JACKSON AUCTION COMPANY, LLC, a
limited liability company, DAVID LAWRENCE
ARCHITECTURE, INC., a Florida Corporation,
LAKEVIEW LOAN SERVICING, LLC, a
Delaware limited liability company, and
FERRARI FINANCIAL SERVICES, INC., a
Delaware Corporation.

      Defendants.

_____/

## **COMPLAINT**

Nicole Testa Mehdipour ("**Trustee**"), in her capacity as Chapter 7 trustee for the

bankruptcy estate of Ivan Niles Latimore, sues Casa de Greatness LLC, Mike Caruso, in his

capacity as Clerk of Court & Comptroller of Palm Beach County, Florida, Sima G. Fisher, Barrett-

Jackson Auction Company, LLC, David Lawrence Architecture, Inc., Lakeview Loan Servicing,

1

LLC, and Ferrari Financial Services, Inc. to determine validity, priority, and amount of interest in real property, to avoid the fraudulent transfer of real property, to recover the surplus funds from the foreclosure sale of that real property, for injunctive relief, for turnover, and for declaratory relief pursuant to 11 U.S.C. §§ 502(d), 541, 542, 543, 544, 548, and 550, and Fla. Stat. §§ 726.105, 726.106, 726.108, and 726.109. In support, the Trustee respectfully states:

I.    **PARTIES, JURISDICTION, AND VENUE**

A.  **Parties**

1.      Trustee is the duly appointed and acting Chapter 7 Trustee pursuant to 11 U.S.C. §§ 701 and 702 of title 11 of the United States Code (the **"Bankruptcy Code"**) in the above captioned bankruptcy case and is the plaintiff in the above-captioned adversary proceeding.

2.      Ivan Niles Latimore (**"Debtor"**) is the Debtor in the above-captioned bankruptcy and the defendant in the above-captioned adversary proceeding.

3.      Defendant, Casa de Greatness LLC (**"Casa de Greatness"**), is a Wyoming limited liability company.

4.      Defendant, Mike Caruso, in his capacity as Clerk of the Circuit Court & Comptroller of Palm Beach County, Florida ("Clerk of Court for Palm Beach County"), is sued in his official capacity (**"Clerk of Court for Palm Beach County"**).

5.      Defendant, Sima G. Fisher (**"Ms. Fisher"**), is the mother of the Debtor's child.

6.      Defendant, Barrett-Jackson Auction Company, LLC ("**Barrett-Jackson"**), is an Arizona limited liability company.

7.      Defendant, David Lawrence Architecture, Inc. ("**David Lawrence**"), is a Florida corporation.

8.      Defendant, Lakeview Loan Servicing, LLC ("**Lakeview**"), is a Delaware limited

2

liability company.

9.      Defendant, Ferrari Financial Services, Inc. ("**Ferrari Financial**"), is a Delaware corporation.

10.     Casa de Greatness, Clerk of Court for Palm Beach County, Ms. Fisher, Barrett-Jackson, Lakeview, David Lawrence, and Ferrari Financial are collectively referred to as the "**Defendants.**"

B. **Jurisdiction and Venue**

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334(b).

12.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

14.     The Trustee consents to the entry of a final judgment by this Court on all counts in this Complaint.

## II.      GENERAL ALLEGATIONS

C. **Procedural Background**

15.     On May 12, 2025 (the "**Petition Date**"), Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. [Bankruptcy Dkt. No. 1].

16.     Nicole Testa Mehdipour was appointed as the duly authorized and acting Trustee of the Debtor's bankruptcy estate.

17.     On May 12, 2025, the Debtor signed the Voluntary Petition for Individuals Filing for Bankruptcy, the schedules, Statement of Financial Affairs for Individuals Filing for Bankruptcy, and the Statement of Intention for Individuals Filing under Chapter 7.  [Bankruptcy Dkt. No. 18].

18.     Debtor did not list any interest in Casa de Greatness or in the real property located at 5555 Gun Club Road, West Palm Beach, FL 33415 ("**Real Property**"). Debtor listed "Property is in Foreclosure" with a value of "$600k" and amount claimed exempt "$600k" on Schedule C.

19.     The Trustee's objection to the Debtor's claim of exemption in the Real Property was sustained on August 7, 2025. [Bankruptcy Dkt. No. 51].

D.  **The Real Property and the Avoidable Transfer**

20.     According to the Official Records of Palm Beach County, Florida, the Debtor acquired the Real Property on May 7, 2021, for $645,000.00, by Warranty Deed recorded in the Official Records of Palm Beach County, at Book 32479/Page 01429. A copy of this deed is attached as **Exhibit 1**.

21.      On January 25, 2023, Barrett-Jackson filed its judgment ("**Barrett-Jackson Judgment**") in the Official Records of Palm Beach County, Florida. A copy of the judgment is attached as **Exhibit 2.**

22.     On May 16, 2023, Lakeview mailed a Notice of Default to the Debtor stating that the Debtor was behind on his mortgage payments.

23.     On June 22, 2023, David Lawrence recorded a Claim of Lien against the Real Property at Book 34386/Page 1437, Official Records of Palm Beach County, Florida.

24.     On August 24, 2023, Ferrari Financial obtained a money judgment against the Debtor in the amount of $301,290.61 (the "**Ferrari Judgment**"). The Ferrari Judgment was recorded in the Official Records of Palm Beach County on September 5, 2023.

25.     On October 30, 2023, Debtor executed a Warranty Deed purportedly transferring the Real Property to Casa de Greatness, which was recorded in the Official Records of Palm Beach County, Florida at Book 34937/Page 523 ("**Casa Deed**"). A copy of this deed is attached as

4

**Exhibit 3**. This transfer from Debtor to Casa de Greatness is referred to as the ("**Avoidable Transfer**").

26.     The Casa Deed effectuating the Avoidable Transfer was purportedly prepared by Ira Weinstein, Esq., at Weinstein and Cohen, P.A. However, the only attorney by that name who was licensed to practice in Florida passed away on September 9, 2012, more than a decade before the deed was supposedly prepared.

27.     Weinstein and Cohen, P.A. is a personal injury law firm that never employed Ira Weinstein and was never retained by the Debtor or Casa de Greatness in connection with this transaction.

28.     According to the Debtor, Casa de Greatness caused the Casa Deed to be created.

29.     Therefore, Casa de Greatness created or caused the Casa Deed to be created with the information described above.

30.     At the time of the Avoidable Transfer, the Debtor was obligated to at least Ferrari, Synchrony Bank and Barrett-Jackson. Ms. Fisher claims to be owed a domestic support obligation.

E. **The Two Foreclosure Sales and Surplus Funds**

31.     There were two foreclosure proceedings and two foreclosure sales that are relevant to this Adversary Proceeding.

32.     The first foreclosure sale was filed by David Lawrence and the second foreclosure sale was filed by Lakeview.

33.     On June 18, 2024, David Lawrence filed a complaint for (1) breach of contract, (2) to foreclose a lien, and (3) for unjust enrichment against the Debtor and Casa de Greatness in the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, initiating the case styled *David Lawrence Architecture, Inc. v. Ivan Niles Latimore, et al.*, Case No.

502024CC009399XXXAMB ("**David Lawrence Foreclosure Action**").

34.     On September 18, 2024, Lakeview filed a complaint for in rem foreclosure against (1) the Debtor, (2) several unknown parties, (3) Alliant Credit Union, (4) David Lawrence, (5) Pilar Welding – FAB Services LLC, (6) Ms. Fisher, (7) Barrett-Jackson, (8) Ferrari Financial, and (9) Casa de Greatness in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, initiating the case styled *Lakeview Loan Servicing, LLC v. Ivan Niles Latimore, et al.*, Case No. 502024CA008934XXXAMB ("**Lakeview Foreclosure Action**").

35.     On January 10, 2025, a final judgment was entered in favor of David Lawrence in the David Lawrence Foreclosure Action.

36.     The Real Property was sold on February 19, 2025 ("**David Lawrence Foreclosure Sale Date**") and a Certificate of Sale was issued to Katie Meklir for $200,100.00.

37.      At the time of the David Lawrence Foreclosure Sale Date, the titled property owner was Casa De Greatness.

38.     Katie Meklir purchased the Real Property subject to the mortgage held by Lakeview, which held a security interest senior to that of David Lawrence.

39.     After payments for clerk fees and payments to David Lawrence, there is approximately $162,064.71 that remains in the state court registry ("**Surplus Funds**").

40.     After the David Lawrence Foreclosure Action was completed and the deed was transferred to the successful buyer, Lakeview foreclosed on the Real Property in the Lakeview Foreclosure Action, extinguishing Katie Meklir's interest. Lakeview was the successful bidder at the Lakeview foreclosure sale.

41.     Lakeview's lien was satisfied through the Lakeview Foreclosure Action.

42.     On February 19, 2026, Barrett-Jackson filed a motion to recover surplus funds in

6

the Lakeview Foreclosure Action.

43. On March 11, 2026, Ms. Fisher filed an objection to Barrett-Jackson's motion to recover surplus funds in the Lakeview Foreclosure Action requesting that the court in the Lakeview Foreclosure Action withhold distribution of any surplus funds pending consideration of her domestic support obligation claims.

44. Ms. Fisher does not have a claim against Casa de Greatness, but only a potential claim against the Debtor.

45. The Lakeview Foreclosure Action was closed via an order entered on April 13, 2026.

46. The order closing the Lakeview Foreclosure Action stated that no surplus funds were being held in the court registry.

47. The Surplus Funds were the result of the sale of the Real Property in the David Lawrence Foreclosure Action.

48. On March 12, 2026, Barrett-Jackson filed a motion to recover Surplus Funds in the David Lawrence Foreclosure Action.

49. On May 3, 2026, the court in the David Lawrence Foreclosure Action denied Barrett-Jackson's Motion to Recover Surplus Funds because the motion was filed more than 60 days after the David Lawrence Foreclosure Sale Date. The order denying Barrett-Jackson's motion is attached as **Exhibit 4**. On April 10, 2025, Casa de Greatness filed an owner's claim for mortgage foreclosure surplus.

50. On May 14, 2025, the court in the David Lawrence Foreclosure Action denied Casa de Greatness's Motion to Disburse Surplus Funds from the Court Registry. A copy is attached as **Exhibit 5**.

7

<u>**Count 1**</u>
**DETERMINATION AS TO VALIDITY, PRIORITY, AND AMOUNT**
**OF INTEREST IN REAL PROPERTY**
**11 U.S.C. §§ 506, 541, 544(a)(1), 544(a)(2), 544(a)(3)**

51.    Trustee restates and incorporates by reference the allegations contained in paragraphs 1 through 50, above and incorporates Counts 2, 3, 4, and/or 5, below.

52.    The Trustee may bring this cause of action under Fed. R. Bankr. P. 7001(b).

53.    The Trustee may claim an interest in 100% of the Surplus Funds.

54.    On April 11, 2025, the Clerk of Court for Palm Beach County filed a Certificate of Disbursements ("**Certificate of Disbursements**").

55.    The Certificate of Disbursements stated:

> **IF YOU ARE A PERSON CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS. AFTER THE FUNDS ARE REPORTED AS UNCLAIMED, ONLY THE OWNER OF RECORD AS OF THE DATE OF THE LIS PENDENS MAY CLAIM THE SURPLUS.**

56.    The above-referenced language in the Certificate of Disbursements is congruent with the required language by Fla. Stat. § 45.031(7)(b) regarding surplus funds.

57.    As stated above, Casa de Greatness's claim in the Surplus Funds was denied by the court in the David Lawrence Foreclosure Action.

58.    As stated above, Barrett-Jackson's claim in the Surplus Funds was denied by the state court in the David Lawrence Foreclosure Action as untimely.

59.    Pursuant to 11 U.S.C. §§ 506, 541, 544(a)(1), 544(a)(2), 544(a)(3), and Fed. R. Bankr. P. 7001(b), the Trustee seeks an order from this Court determining that the estate holds a 100% interest in the Surplus Funds free and clear of right, title, interest, or lien of any of the

Defendants.

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment:

a)       Determining that the bankruptcy estate holds a 100% interest in the Surplus Funds, free and clear of any right, title, interest, or lien of any Defendant;

b)       Determining that none of the Defendants holds a valid claim to the Surplus Funds superior to the bankruptcy estate's interest; and

c)       Granting such other and further relief as the Court deems proper.

**Count 2**
**Avoiding Fraudulent Transfer to Casa de Greatness**
**(Constructive Fraud)**
**11 U.S.C. § 544(b) and Fla. Stat. § 726.106(1)**

60.       Trustee restates and incorporates by reference the allegations contained in paragraphs 1 through 50 above.

61.       This is a claim for relief under 11 U.S.C. § 544(b) and Fla. Stat. § 726.106(1) and 11 U.S.C. § 548(a)(1)(B) to avoid the Avoidable Transfer as a constructively fraudulent transfer and to recover the Surplus Funds as the remaining value of the Avoidable Transfer.

62.       The Avoidable Transfer was transfer of the Debtor's interest in property.

63.       The Debtor made the Avoidable Transfer within 2 years prior to the Petition Date, satisfying the two-year look back period under 11 U.S.C. § 548 and four-year tolling period under 11 U.S.C. § 544(b) and Fla. Stat. § 726.110.

64.       The Debtor received less than reasonably equivalent value in exchange for making the Avoidable Transfer, and the Debtor was insolvent at the time of the Avoidable Transfer or became insolvent because of the Avoidable Transfer.

65.       Ferrari Financial Services, Inc. and Synchrony Bank are holders of claims that are allowable against the Debtor, and Ferrari and Synchrony Bank would have standing to assert a

9

claim for relief under § 726.106(1) of the Florida Statutes.  Further, Ms. Fisher claims to be owed a domestic support obligation.

66.     Casa de Greatness is the initial transferee or party whose benefit the Avoidable Transfer was made.

67.     The Surplus Funds, which constitute the remaining value of the Avoidable Transfer, is recoverable by the Trustee pursuant to § 550 of the Bankruptcy Code.

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment against Casa de Greatness:

a)     Declaring the Avoidable Transfer to have been a fraudulent transfer pursuant to § 726.106(1) of the Florida Statutes;

b)     Avoiding the Avoidable Transfer pursuant to § 544 of the Bankruptcy Code and § 726.106(1) of the Florida Statutes and avoiding all transfers by the Debtor to Casa de Greatness in addition to those specifically referred to in this Complaint, if any, which are avoidable under § 726.106(1) of the Florida Statutes;

c)     Avoiding the Avoidable Transfer pursuant to § 548(a)(1)(B) of the Bankruptcy Code and avoiding all transfers by the Debtor to Casa de Greatness in addition to those specifically referred to in this Complaint, if any, which are avoidable under § 548(a)(1)(B) of the Bankruptcy Code;

d)     Declaring Casa de Greatness to be the initial transferee of the Avoidable Transfer and/or the person for whose benefit the Avoidable Transfer was made;

e)     In the alternative declaring Casa de Greatness to be the immediate or mediate transferee of the Avoidable Transfer; and

f)     Disallowing all claims by or in favor of any of the Defendants, or any amounts

10

owed to Casa de Greatness according to the Debtor's schedules, pursuant to Section 502(d) of the Bankruptcy Code unless and until the Defendants have returned to the bankruptcy estate the amount for which each of the Defendants are liable; and

g)      Granting such other and further relief as the Court deems proper.

### Count 3
### Avoidance of Fraudulent Transfer to Casa de Greatness
### (Actual Fraud)
### 11 U.S.C. § 548(a)(1)(A)

68.     Trustee restates and incorporates by reference the allegations contained in paragraphs 1 through 50, above.

69.     This is a claim to avoid the Avoidable Transfer pursuant to 11 U.S.C. § 548(a)(1)(A) on the ground that the Debtor made the Avoidable Transfer with the actual intent to hinder, delay, or defraud creditors.

70.     The Avoidable Transfer was made within two years of the Petition Date, satisfying the applicable look-back period under 11 U.S.C. § 548.

71.     The Debtor made the Avoidable Transfer with the actual intent to hinder, delay, or defraud one or more of his creditors, including but not limited to Ferrari Financial, Synchrony Bank, Lakeview, David Lawrence, and Barrett-Jackson.

72.     The following badges of fraud support a finding of actual intent:

(a) The Avoidable Transfer was made to an insider, Casa de Greatness;

(b) The Avoidable Transfer was not listed on the Debtor's Statement of Financial Affairs;

(c) The Avoidable Transfer was made within two months of Ferrari Financial obtaining a judgment of $301,290.61 against the Debtor, and while the Debtor was in default on his mortgage;

(d) The Debtor received no consideration, or grossly inadequate consideration, for the Avoidable Transfer;

11

(e) The Debtor provided no documentation to support any consideration received for the Avoidable Transfer.

(f) The deed purportedly effectuating the Avoidable Transfer was signed by a deceased attorney and prepared by a law firm that was never retained by the Debtor; and

(g) The Avoidable Transfer was made at a time when the Debtor had multiple unsatisfied judgments and liens against his assets.

73.     Casa de Greatness is the initial transferee of the Avoidable Transfer and/or the entity for whose benefit the Avoidable Transfer was made.

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment against Casa de Greatness:

a) Avoiding the Avoidable Transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and setting aside the Warranty Deed recorded at Book 34937/Page 523, Official Records of Palm Beach County, Florida;

b) Recovering the Surplus Funds, as the remaining value of the Real Property subject to the Avoidable Transfer, for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 550(a);

c) Entering a money judgment against Casa de Greatness in an amount not less than the value of the Surplus Funds, plus interest at the applicable federal statutory rate, attorneys' fees, and costs permissible by law;

d) Disallowing any claim of Casa de Greatness against the bankruptcy estate pursuant to 11 U.S.C. § 502(d) until Casa de Greatness has returned to the estate the value for which it is liable; and

e) Granting such other and further relief as the Court deems proper.

### Count 4
**Avoiding Fraudulent Transfer to Casa de Greatness (Actual Fraud)**
**11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(a)**

74. Trustee restates and incorporates by reference the allegations contained in paragraphs 1 through 50, above.

75. This is a claim to avoid the Avoidable Transfer pursuant to 11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(a) on the ground that the Debtor made the Avoidable Transfer with the actual intent to hinder, delay, or defraud one or more of his creditors.

76. The Avoidable Transfer was made within the applicable look-back period under Fla. Stat. § 726.110, as tolled by 11 U.S.C. §§ 108(a) and 546(a).

77. Ferrari Financial and Barrett-Jackosn hold allowable unsecured claims against the Debtor and would have standing, absent this bankruptcy, to assert a claim under Fla. Stat. § 726.105(1)(a). Furthermore, Ms. Fisher claims she is owed a domestic support obligation.

78. The badges of fraud set forth in Fla. Stat. § 726.105(2) exist and weigh in favor of avoiding the Avoidable Transfer as a transfer made with the actual intent to hinder, delay, or defraud creditors, including without limitation:

(a) The Avoidable Transfer was made to an insider as Casa de Greatness is a shell company and alter ego of the Debtor;

(b) The Debtor retained control of the Real Property after the Avoidable Transfer;

(c) The Avoidable Transfer was not listed on the Debtor's Statement of Financial Affairs;

(d) The Avoidable Transfer was made within two months of Ferrari Financial obtaining a judgment of $301,290.61 against the Debtor, and while the Debtor was in default on his mortgage;

(e) The Debtor received no consideration, or grossly inadequate consideration, for the Real Property;

(f) The Casa Deed purportedly effectuating the Avoidable Transfer was signed by a deceased attorney and prepared by a law firm that was never retained by the Debtor and there is no evidence that the Casa Deed was prepared for or retained by Casa de Greatness; and

13

(g) The Avoidable Transfer was made at a time when the Debtor had multiple unsatisfied judgments and liens against his assets.

79.     Casa de Greatness is the initial transferee of the Avoidable Transfer and/or the entity for whose benefit the Avoidable Transfer was made within the meaning of Fla. Stat. § 726.109.

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment against Casa de Greatness:

a)  Avoiding the Avoidable Transfer pursuant to 11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(a) and setting aside the Warranty Deed recorded at Book 34937/Page 523, Official Records of Palm Beach County, Florida;

b)  Recovering the Surplus Funds for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 544(b), and Fla. Stat. §§ 726.108 and 726.109;

c)  Entering a money judgment against Casa de Greatness in an amount not less than the value of the Surplus Funds, plus interest at the applicable federal statutory rate, attorneys' fees, and costs permissible by law;

d)  Disallowing any claim of Casa de Greatness against the bankruptcy estate pursuant to 11 U.S.C. § 502(d) until Casa de Greatness has returned to the estate the value for which it is liable; and

e)  Granting such other and further relief as the Court deems proper.

### Count 5
### Avoiding Fraudulent Transfer to Casa de Greatness (Constructive Fraud)
### 11 U.S.C. § 548(a)(1)(B)

80.     Trustee restates and incorporates by reference the allegations contained in paragraphs 1 through 50, above.

14

81.     This is a claim to avoid the Avoidable Transfer pursuant to 11 U.S.C. § 548(a)(1)(B) and, independently, pursuant to 11 U.S.C. § 544(b) and Fla. Stat. § 726.106(1), on the ground that the Debtor did not receive reasonably equivalent value in exchange for the Avoidable Transfer and was insolvent at the time of, or became insolvent as a result of, the Avoidable Transfer.

82.     The Avoidable Transfer was transfer of the Debtor's interest in property.

83.     The Debtor made the Avoidable Transfer within 2 years prior to the Petition Date, satisfying the two-year look back period under 11 U.S.C. § 548 and four-year tolling period under 11 U.S.C. § 544(b) and Fla. Stat. § 726.110.

84.     The Debtor received less than reasonably equivalent value in exchange for the Avoidable Transfer. The Real Property was transferred to Casa de Greatness without any documented consideration despite having been purchased for $645,000.00.

85.     At the time of the Avoidable Transfer, the Debtor was insolvent within the meaning of 11 U.S.C. § 101(32), in that the sum of the Debtor's debts was greater than the fair value of all of the Debtor's assets.

86.     Alternatively, the Debtor became insolvent as a result of the Avoidable Transfer.

87.     Among the debts outstanding at the time of the Avoidable Transfer were: (1) the Lakeview mortgage of approximately $500,000.00; (2) the Ferrari Judgment of $301,290.61; (3) the David Lawrence lien of $25,500.00; and (4) the Barrett-Jackson Judgment of $142,000.00. The aggregated liabilities well exceed the Debtor's known assets.

88.     Ferrari Financial holds an allowable unsecured claim against the Debtor and would have standing, absent this bankruptcy, to assert a claim under Fla. Stat. § 726.106(1).

89.     Casa de Greatness is the initial or subsequent transferees of the Avoidable Transfer

15

and/or the persons for whose benefit the Avoidable Transfer was made, within the meaning of 11 U.S.C. § 550(a) and Fla. Stat. § 726.109.

90.     Additionally, the Surplus Funds, representing the remaining value of the Real Property, are recoverable by the Trustee for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment against Casa de Greatness:

a) Avoiding the Avoidable Transfer pursuant to 11 U.S.C. § 548(a)(1)(B) and setting aside the Warranty Deed recorded at Book 34937/Page 523, Official Records of Palm Beach County, Florida;

b) Avoiding the Avoidable Transfer pursuant to 11 U.S.C. § 544(b) and avoiding all transfers by the Debtor to Casa de Greatness in addition to those specifically referred to in this Complaint, if any, which are avoidable under § 726.106(1) of the Florida Statutes;

c) Recovering the Surplus Funds for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 550(a) and Fla. Stat. § 726.109;

d) Entering a money judgment against Casa de Greatness in an amount not less than the value of the Surplus Funds, plus interest at the applicable federal statutory rate, attorneys' fees, and costs permissible by law; and

e) Granting such other and further relief as the Court deems proper.

**Count 6**
**Recovering Avoided Transfers**
**11 U.S.C. §§ 541 and 550**

91.     Trustee restates and incorporates by reference the allegations contained in paragraphs 1 through 44 and 50 through 84, above.

16

92. An actual controversy exists between the Trustee and the Defendants concerning the ownership and priority of claims to the Surplus Funds presently held by the Clerk of Court for Palm Beach County.

93. If the Avoidable Transfer is avoided, the Real Property, and its proceeds in the form of the Surplus Funds, constitute property of the bankruptcy estate pursuant to 11 U.S.C. §§ 541 and 550.

94. The Trustee is entitled to a declaratory judgment that: (a) the Avoidable Transfer is void and of no effect; (b) the Surplus Funds constitute property of the bankruptcy estate; (c) none of the Defendants hold a valid claim to the Surplus Funds superior to the estate's interest; and (d) the Surplus Funds must be turned over to the Trustee for administration and distribution in accordance with the priority scheme of the Bankruptcy Code.

95. Barrett-Jackson's Motion to Recover Surplus Funds and Ms. Fisher's claim to the Surplus Funds based on alleged child support arrears must be resolved in this Court in connection with the avoidance action, as both claims are subordinate to the Trustee's rights upon avoidance of the Avoidable Transfer.

**WHEREFORE**, the Trustee respectfully requests this Court enter a judgment:

a) Declaring the Avoidable Transfer void and of no effect as against the bankruptcy estate;

b) Declaring that the Surplus Funds constitute property of the bankruptcy estate pursuant to 11 U.S.C. §§ 541 and 550;

c) Declaring that none of the Defendants hold a valid claim to the Surplus Funds superior to the bankruptcy estate's interest;

d) Directing the Clerk of Court for Palm Beach County to turn over the Surplus Funds to the Trustee pending further order of this Court; and

e)  Granting such other and further relief as the Court deems proper.

### Count 7
### Injunction and Other Equitable Relief
### Fla. Stat. § 726.108(1)(c)(1)

96.     Trustee restates and incorporates by reference the allegations contained in paragraphs 1 through 89, above.

97.     Fla. Stat. § 726.108(1)(c)(1) authorizes the entry of an injunction against further disposition by the Debtor or transferees, or both.  Fed. R. Bankr. P. 7065 incorporates Fed. R. Civ. P. 65, with the exception of subsection (c), governing injunctions and restraining orders.

98.     An injunction is necessary to prevent the dissipation of the Surplus Funds, which constitute property of the Debtor's bankruptcy estate.

99.     Unless this Court issues an injunction or other equitable relief staying disbursement, the Clerk of Court for Palm Beach County may distribute the Surplus Funds to one or more of the Defendants before this Court can adjudicate the merits of the avoidance claims, causing irreparable harm to the bankruptcy estate and its creditors for which there is no adequate remedy at law.

100.    The threatened injury to the bankruptcy estate and its creditors substantially outweighs any harm an injunction may cause Ms. Fisher, Barrett-Jackson, Lakeview, Casa de Greatness, David Lawrence, or any other claimant to the Surplus Funds.

101.    An injunction serves the public interest by ensuring the orderly administration of the bankruptcy estate, preventing a race to the courthouse among competing claimants, and preserving this Court's ability to make a single, authoritative determination of the priority and extent of all claims to the Surplus Funds.

**WHEREFORE**, the Trustee respectfully requests this Court:

18

a) Enter a preliminary and permanent injunction enjoining the Clerk of Court for Palm Beach County, Casa de Greatness, Ms. Fisher, Barrett-Jackson, Lakeview, the Debtor, and all persons acting in concert with them from disbursing, transferring, encumbering, or otherwise disposing of the Surplus Funds pending final judgment in this adversary proceeding;

b) Enter a temporary restraining order, without notice if necessary, enjoining the immediate disbursement of any Surplus Funds pending hearing on the preliminary injunction;

c) Grant such other and further equitable relief as the Court deems proper to preserve the Surplus Funds for the benefit of the bankruptcy estate; and

d) Grant such other and further relief as the Court deems proper.

## COUNT 8
### Turnover Against Clerk of Court and Casa de Greatness

102.    Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

103.    Section 542(a) of the Bankruptcy Code states:

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

104.    The Clerk of the Court for Palm Beach County, Florida is in possession of the surplus funds which is property of the estate pursuant to 11 U.S.C. § 541(a), which creates an estate comprised of the all the Debtor legal and equitable interests in property.

105.    The Trustee may "use, sell, or lease" the surplus funds under 11 U.S.C. § 363.

106.    The surplus funds would benefit the estate.

19

107.    Accordingly, the Trustee is entitled to turnover of the surplus funds.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a final judgment in favor of Plaintiff and against the Clerk of the Court for Palm Beach County, Florida and Casa de Greatness, LLC for turnover of the surplus funds being held in the registry of the Clerk of the Court and for such other and further relief as this Court deems just and proper.

Dated: May 27, 2026

FURR AND COHEN, P.A.
Attorneys for Trustee
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

By: /s/ Alan R. Crane
    Alan R. Crane, Esq.
    Florida Bar No.: 963836
    E-Mail: acrane@furrcohen.com