UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re: Case No. 25-15276-MAM

IVAN NILES LATIMORE, Chapter 7

Debtor.
_______________________________/

**TRUSTEE'S MOTION TO APPROVE STIPULATION OF SETTLEMENT WITH LAKEVIEW LOAN SERVICING, LLC PURSUANT TO FED. R. BANKR. P. 9019**

Nicole Testa Mehdipour, the duly appointed chapter 7 trustee ("**Trustee**") of the bankruptcy estate ("**Estate**") of Ivan Niles Latimore ("**Debtor**"), by and through undersigned counsel, moves this Court pursuant to 11 U.S.C. § 105(a), Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 9013-3(b) and 9019-1 of this Court (the "Local Rules"), for entry of an order substantially in the form attached hereto as **Exhibit "B"** approving the Stipulation of Settlement (the "**Stipulation**") between the Trustee and Lakeview Loan Servicing, LLC ("**Lakeview**"), a true and correct copy of which is attached hereto as **Exhibit "A"**, and in support states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and rule predicates for the relief requested herein are 11 U.S.C. § 105(a), Bankruptcy Rules 2002(a)(3) and 9019(a), and Local Rules 9013-1(D) and 9019-1.

**BACKGROUND**

3. On May 12, 2025, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing the above-captioned bankruptcy case (the "**Main Case**"). **[Dkt. No. 1]**.

4. Nicole Testa Mehdipour is the duly appointed, qualified, and acting chapter 7 trustee of the Debtor's bankruptcy estate. **[Dkt. No. 7]**.

5. On May 27, 2026, the Trustee commenced the adversary proceeding styled *Mehdipour v. Casa de Greatness, LLC, et al.*, Adv. Pro. No. 26-01173-MAM (the "**Adversary Proceeding**"), against Casa de Greatness, LLC, the Clerk of the Circuit Court and Comptroller of Palm Beach County (the "**PBC Clerk of Court**"), Sima G. Fisher, Barrett-Jackson Auction Company, LLC, David Lawrence Architecture, Inc., Lakeview, and Ferrari Financial Servicing, LLC, seeking, among other relief, a determination that the Estate is entitled to the surplus funds arising from the foreclosure sale of the real property located at 5555 Gun Club Road, West Palm Beach, Florida 33415 (the "**Real Property**"). **[Dkt. No. 107]**.

6. The surplus funds arose from the foreclosure sale of the Real Property in the action styled *David Lawrence Architecture, Inc. v. Ivan Niles Latimore, et al.*, Case No. 2024CC009399, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. As of the commencement of the Adversary Proceeding, the surplus funds, in the amount of $162,064.71 (the "**Surplus Funds**"), were being held by the PBC Clerk of Court.

7. Lakeview was the mortgagee and foreclosure plaintiff with respect to the Real Property in the state court action styled *Lakeview Loan Servicing, LLC v. Ivan Niles Latimore, et al.*, Case No. 502024CA008934XXXAMB (the "**Lakeview Foreclosure Action**").

8. Following completion of the Lakeview Foreclosure Action, Lakeview conveyed title to the Real Property to Fannie Mae by warranty deed recorded on September 17, 2025.

Lakeview's claim secured by its mortgage encumbering the Real Property has been satisfied in full.

9. Lakeview does not hold, and does not assert, any lien on, interest in, or claim to the Real Property or the Surplus Funds, and does not hold, and does not assert, any claim against the Debtor or the Estate.

10. The Trustee and Lakeview (together, the "**Parties**") negotiated at arm's-length in an effort to resolve all issues and disputes between them relating to the Surplus Funds and, ultimately, reached a resolution, subject to approval by this Court.

## THE STIPULATION

11. The material terms of the Stipulation are summarized below. This summary is provided for the convenience of the Court and parties in interest only; to the extent of any inconsistency between this summary and the Stipulation, the terms of the Stipulation control. Capitalized terms not defined herein have the meanings given to them in the Stipulation.

(a) Lakeview acknowledges and agrees that its claim secured by its mortgage on the Real Property has been satisfied in full; that it does not hold and shall not assert any lien on, interest in, or claim to the Surplus Funds; that it does not hold and shall not assert any claim against the Debtor or the Estate; and that it is and shall be forever barred from asserting any lien on, interest in, or claim to the Surplus Funds and from asserting any claim against the Estate.

(b) Lakeview shall not object to or otherwise oppose any motion by the Trustee, or any order of this Court, directing the PBC Clerk of Court to disburse the Surplus Funds to the Trustee.

(c) Within three business days after the order approving the Stipulation becomes final and non-appealable, the Trustee shall file a notice of voluntary dismissal, with prejudice, of the Adversary Proceeding as to Lakeview only, with each Party to bear its own attorneys' fees and costs in connection with the Adversary Proceeding, the negotiation of the Stipulation, and the motions and orders necessary to obtain approval of the Stipulation.

(e) The Stipulation becomes effective upon entry of the order approving it, is binding upon the Parties and their respective successors, trustees, and assigns, and this Court retains exclusive jurisdiction to enforce its terms.

12. The Estate is not paying, and is not obligated to pay, any consideration to Lakeview under the Stipulation.

13. The Stipulation resolves the Adversary Proceeding only as between the Trustee and Lakeview. The Trustee's claims against the remaining defendants in the Adversary Proceeding are unaffected by the Stipulation and will continue.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

14. Bankruptcy Rule 9019(a) provides that, on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Compromises are favored in bankruptcy because they minimize the cost of litigation and expedite the administration of the estate.

15. In approving a settlement, the court must determine that the compromise is fair, equitable, and in the best interests of the estate. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness." *Id.* at 891, citing, *In re: Teltronics Services, Inc.*, 762 F.2d 185, 189 (2nd Cir. 1985); *In re: W.T. Grant Company,* 699 F.2d 599, 608 (2nd Cir. 1983). The Trustee believes that the Stipulation complies with the legal principles relied upon within these authorities.

16. The Eleventh Circuit has identified four factors that guide that determination: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990).

17. Each of the Justice Oaks factors supports approval of the Stipulation:

(a) Probability of success. Although the Trustee believes she would likely prevail on her claim that Lakeview holds no interest in the Surplus Funds, the Stipulation secures by agreement the precise relief the Trustee would seek by judgment. Lakeview's mortgage has been satisfied in full, and Lakeview disclaims any lien on, interest in, or claim to the Surplus Funds and any claim against the Estate. There is therefore no material dispute between the Trustee and Lakeview to be litigated, and continued litigation against Lakeview would yield no additional benefit to the Estate.

(b) Difficulties of collection. This factor is not implicated. The Stipulation requires no payment by Lakeview to the Estate; Lakeview's disclaimer and release of any interest in the Surplus Funds take effect upon entry of the order approving the Stipulation, and no collection effort is required. If forced to move to litigation with Lakeview over the ownership of the Surplus Funds, the Estate might encounter difficulties in the matter of collection.

(c) Complexity, expense, inconvenience, and delay. Absent the Stipulation, the Trustee would be required to litigate against Lakeview through pleadings, discovery, and potentially dispositive motion practice in order to obtain relief that Lakeview has agreed to provide voluntarily. The Stipulation eliminates that expense and delay, removes one defendant from a multi-defendant adversary proceeding, and streamlines the Trustee's remaining claims.

(d) Paramount interest of creditors. The Stipulation conserves Estate resources, eliminates a potential competing claim to the Surplus Funds, bars Lakeview from asserting any claim against the Estate, and advances the Trustee's efforts to recover the Surplus Funds for the benefit of creditors. The Trustee, in the exercise of her business judgment, submits that the Stipulation is in the best interests of the Estate and its creditors and falls well above the lowest point in the range of reasonableness.

18. The Stipulation is the product of arm's-length negotiations between the Parties, each represented by counsel. Lakeview is not an insider of the Debtor, and the Trustee is not aware of any collusion or improper conduct in connection with the negotiation of the Stipulation.

## NOTICE

19. Pursuant to Local Rule 9019-1, this Motion is filed in the Main Case, and a notice of the filing of this Motion is being filed in the Adversary Proceeding.

20. The Trustee is serving this Motion, together with the Stipulation and the proposed form of order, on the Debtor, counsel for the Debtor, the Office of the United States Trustee,

counsel for Lakeview, all creditors and parties in interest reflected on the Court's mailing matrix, and all parties who have requested notice, in accordance with Bankruptcy Rule 2002(a)(3) and Local Rule 2002-1. The Trustee submits that such notice is good, sufficient, and appropriate under the circumstances and that no other or further notice is required.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit "B": (i) granting this Motion; (ii) approving the Stipulation in its entirety; (iii) authorizing the Trustee to take all actions necessary to implement the terms of the Stipulation, including the filing of a notice of voluntary dismissal, with prejudice, of the Adversary Proceeding as to Lakeview only within three (3) business days after the order becomes final and non-appealable; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: September 28, 2026

Respectfully submitted,

**GRAYROBINSON, P.A.**
Counsel for the Chapter 7 Trustee
One Boca Place
2255 Glades Road, Suite 301E
Boca Raton, Florida 33431
Telephone: (561) 368-3808
Facsimile: (561) 368-4008

By: */s/ Alan R. Crane*
Alan R. Crane, Esq.
Florida Bar No. 963836
alan.crane@gray-robinson.com

**<u>Exhibit "A"</u>**

<u>Stipulation</u>

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement ("**Stipulation of Settlement**") is entered into by and between Nicole Testa Mehdipour, Chapter 7 trustee for the bankruptcy estate of Ivan Niles Latimore ("**Debtor**") ("**Trustee**") and Lakeview Loan Servicing, LLC ("**Lakeview**"), to memorialize the terms of compromise regarding their respective claims, rights, and obligations relating to certain funds and claims as further set forth herein. Collectively, the Trustee and Lakeview shall be referred to herein as the "**Parties**."

**RECITALS**

WHEREAS, on May 27, 2026, the Trustee filed a complaint in the United States Bankruptcy Court for the Southern District of Florida ("**Bankruptcy Court**") captioned *Mehdipour v. Casa de Greatness, et al.* (Adv. Pro. No. 26-01173-MAM) ("**Adversary Proceeding**") against Casa de Greatness, LLC, the Clerk of the Circuit Court and Comptroller of Palm Beach County ("**PBC Clerk of Court**"), Sima G. Fisher, Barrett-Jackson Auction Company, LLC, David Lawrence Architecture, Inc., Lakeview, and Ferrari Financial Servicing, LLC, alleging that the Trustee is entitled to the surplus funds arising from the foreclosure sale of real property located at 5555 Gun Club Road, West Palm Beach, FL 33415 ("**Real Property**").

WHEREAS, the surplus funds arose from the foreclosure sale of the Real Property in the action styled *David Lawrence Architecture, Inc. v. Ivan Niles Latimore, et al.*, Case No. 2024CC009399, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("**David Lawrence Action**"), and, as of the filing of the Adversary Proceeding, the surplus funds in the amount of $162,064.71 ("**Surplus Funds**") were being held by the PBC Clerk of Court.

WHEREAS, Lakeview was the mortgagee and foreclosure plaintiff with respect to the Real

Property in the state court action styled *Lakeview Loan Servicing, LLC v. Ivan Niles Latimore, et al.*, Case No. 502024CA008934XXXAMB ("**Lakeview Foreclosure Action**").

WHEREAS, following the completion of the Lakeview Foreclosure Action, Lakeview conveyed title to the Real Property to Fannie Mae by Warranty Deed recorded on September 17, 2025.

WHEREAS, Lakeview's claim secured by its mortgage on the Real Property has been satisfied in full.

WHEREAS, Lakeview does not hold, and does not assert, any lien on, interest in, or claim to the Real Property or the Surplus Funds, and does not hold, and does not assert, any claim against the Debtor or the Debtor's bankruptcy estate.

WHEREAS, the Parties engaged in discussions in an attempt to resolve any and all issues and disputes between the Trustee and Lakeview related to the Surplus Funds.

WHEREAS, the Parties desire to settle all issues related to the Surplus Funds.

WHEREAS, the Parties believe that an amicable and prompt settlement is in their best interests and will avoid the substantial costs of litigation.

NOW, THEREFORE, in consideration of the promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties enter into this Stipulation of Settlement under the following terms and conditions:

1. **Settlement Terms.** In full and final settlement of the issues and disputes between the Parties, the Parties agree as follows:

   a. Lakeview acknowledges and agrees that its claim secured by its mortgage on the Real Property has been satisfied in full; that it does not hold and shall not assert any lien on, interest in, or claim to the Surplus Funds; that it does not hold and shall not

assert any claim against the Debtor or the Debtor's bankruptcy estate; and that it is and shall be forever barred from asserting any lien on, interest in, or claim to the Surplus Funds and from asserting any claim against the Debtor's bankruptcy estate.

b. Lakeview shall not object to or otherwise oppose any motion by the Trustee, or any order of the Bankruptcy Court, directing the PBC Clerk of Court to disburse the Surplus Funds to the Trustee.

c. Within three (3) business days after the Approval Order (as defined below) becomes final and non-appealable, the Trustee shall file a notice of voluntary dismissal with prejudice of the Adversary Proceeding as to Lakeview only, with each Party to bear its own attorneys' fees and costs.

2. **Bankruptcy Court Approval.** This Stipulation of Settlement is subject to approval by the Bankruptcy Court. Promptly after execution of this Stipulation of Settlement by the Parties, the Trustee shall file a motion seeking entry of an order approving this Stipulation of Settlement ("**Approval Order**"), which motion shall request that the Approval Order direct the Trustee to file the notice of dismissal described in Paragraph 1(c) above. If the Bankruptcy Court does not approve this Stipulation of Settlement, this Stipulation of Settlement shall be null and void and of no force or effect, and the Parties shall be restored to their respective positions as if this Stipulation of Settlement had not been executed.

3. **Authorization to Bind.** The individuals signing below represent and warrant that they have the authority to execute this Stipulation of Settlement on behalf of the applicable Party and to bind such Party to its terms.

4. **Review/No Duress.** Each of the Parties acknowledges that he, she, or it has read all of the terms of this Stipulation of Settlement, has had an opportunity to consult with counsel of

his, her, or its own choosing or has voluntarily waived such right, and enters into this Stipulation of Settlement voluntarily and without duress.

5. **Attorneys' Fees and Costs.** Each Party shall bear its own attorneys' fees and costs in connection with the Adversary Proceeding, the negotiation of this Stipulation of Settlement, and any motions and orders as may be necessary to obtain the approval of this Stipulation of Settlement by the Bankruptcy Court.

6. **No Waiver or Modification.** This Stipulation of Settlement and any of the specific items, covenants, and conditions contained herein may not be waived, changed, altered, or modified except by an instrument in writing signed by the Party against whom enforcement of such change is being sought.

7. **Effective Date.** This Stipulation of Settlement shall become effective upon entry of the Approval Order. Upon becoming effective, this Stipulation of Settlement shall be binding on the Parties and their respective successors, trustees, and assigns.

8. **Controlling Law.** This Stipulation of Settlement shall in all respects be construed in accordance with the laws of the State of Florida applicable to contracts made and to be performed wholly within the State of Florida and by federal law to the extent the same has preempted the laws of the State of Florida.

9. **Counterparts.** This Stipulation of Settlement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Stipulation of Settlement. Delivery of an executed counterpart of a signature page to this Stipulation of Settlement by facsimile or electronic mail shall be effective as delivery of a manually executed counterpart of this Stipulation of Settlement.

10. **Construction.** This Stipulation of Settlement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation of Settlement, no provision shall be construed against any Party by reason of such Party having drafted, prepared, or requested such provision.

11. **Jurisdiction.** The Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Stipulation of Settlement.

12. **Entire Agreement.** This Stipulation of Settlement constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all prior discussions, negotiations, and agreements, whether written or oral, relating thereto.

**NICOLE TESTA MEHDIPOUR,**
**solely in her capacity as**
**Chapter 7 Trustee**

By her counsel:

GRAYROBINSON, P.A.
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
Telephone: (561) 368-3808
Facsimile: (561) 368-4008
Email: alan.crane@gray-robinson.com

By: */s/ Alan R. Crane*
Alan R. Crane, Esq.
Florida Bar No. 963836

Dated: September 28, 2026

**LAKEVIEW LOAN SERVICING, LLC**

By its counsel:

TIFFANY & BOSCO, P.A.
1201 S. Orlando Avenue, Suite 430
Winter Park, FL 32789
Telephone: (954) 828-1118

Email: jaw@tblaw.com

By: */s/ Jason A. Weber**
Jason A. Weber, Esq.
Florida Bar No. 51681

Dated: August 27, 2026

* Electronic signature affixed with the express written authorization of Jason A. Weber, Esq., counsel for Lakeview Loan Servicing, LLC, by e-mail dated August 27, 2026.

**Exhibit "B"**
Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re: Case No.: 25-15276-MAM
Chapter 7

IVAN NILES LATIMORE

Debtor.
_______________________________/

**ORDER GRANTING MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY BETWEEN THE TRUSTEE AND LAKEVIEW LOAN SERVICING, LLC**

This matter came before the Court without a hearing upon the *Motion to Approve Stipulation to Compromise Controversy Between the Trustee and Lakeview Loan Servicing, LLC* ("**Motion**") [**Dkt. No. __],** filed by Nicole Testa Mehdipour, Chapter 7 Trustee, and the movant by submitting this form of order has represented that the motion was served on all required parties; the 21-day response time provided by Local Rule 9013-3(b) has expired; no one has filed, or served

on the movant, a response to the motion; and this form of order was attached as an exhibit to the Motion. The Court having reviewed the record, noting that no objections were filed, and having been otherwise advised in the premises, does hereby

**ORDER** as follows:

1. The Motion is **GRANTED** and the *Stipulation of Settlement* attached to the Motion as **Exhibit "A"** (the "**Stipulation**") is **APPROVED**.

2. Lakeview Loan Servicing, LLC's claim secured by its mortgage on the real property located at 5555 Gun Club Road, West Palm Beach, Florida 33415 has been satisfied in full.

3. Lakeview Loan Servicing, LLC does not hold and shall not assert any lien on, interest in, or claim to the Surplus Funds.

4. Lakeview Loan Servicing, LLC does not hold and shall not assert any claim against the Debtor or the Debtor's bankruptcy estate.

5. Lakeview Loan Servicing, LLC is and shall be forever barred from asserting any lien on, interest in, or claim to the Surplus Funds and from asserting any claim against the Debtor's bankruptcy estate.

6. Lakeview Loan Servicing, LLC shall not object to or otherwise oppose any motion by the Trustee, or any order of the Bankruptcy Court, directing the Clerk of the Circuit Court and Comptroller of Palm Beach County to disburse the Surplus Funds to the Trustee.

7. The Trustee shall file a notice of voluntary dismissal with prejudice of this adversary proceeding as to Lakeview only, within three (3) business days after this Order becomes final and non-appealable.

8. The Trustee and Lakeview Loan Servicing, LLC shall comply with the terms and conditions set forth in the *Stipulation of Settlement*.

9. The Court shall retain jurisdiction to enforce the terms of the *Stipulation of Settlement*.

###

**Submitted By:**
Alan R. Crane, Esq.
GRAYROBINSON, P.A.
*Attorneys for Trustee*
2255 Glades Road, Suite 301E
Boca Raton, Florida 33431
Telephone: (561) 368-3808
Facsimile: (561) 368-4008
E-mail: alan.crane@gray-robinson.com

*Attorney Alan R. Crane is directed to serve a conformed copy of this order on all interested parties and shall file a certificate of service with the Court.*